UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PARVIN BEY,[1]

                Plaintiff,

     -against-

PHILLIP SCOTT SR.; JOHN S. LANDEN, MAGISTRATE OF THE QUEENS CIVIL COURT MUNICIPALITY,

                Defendants.
-----------------------------------------------------------x

**ORDER**

25-CV-4970 (NRM) (JAM)

NINA R. MORRISON, United States District Judge:

      Plaintiff Parvin Bey, proceeding *pro se*, filed this action on August 29, 2025. She did not pay the filing fee. She submitted a document captioned "The Great Seal National Association of Moorish Affairs . . . Affidavit in lieu of form USC-FW1: Application to waive court costs, fees and expenses." ECF No. 2. The submission does not include any information about Plaintiff's financial circumstances. On August 29, 2025, the Court sent Plaintiff a letter notifying her that her papers were deficient and directing her to pay the filing fee or submit an *in forma pauperis* ("IFP") application within 14 days. ECF No. 3. In response, Plaintiff submitted a document titled "Affidavit in lieu of form AO 240 Short form," *see* ECF No. 5 (Sep. 5, 2025), and an IFP application. ECF No. 6 (Sep. 8, 2025).

---

[1] The caption identifies Plaintiff as "The in full life Moorish American National of the Moroccan Empire and an rightful heiress of Al Maghrib al Aqsa, Northwest Amexem/North America/North Gate by jus sanguinis, in propria persona, sui juris, in solo proprio, a Free white person." ECF No. 1 at 1.

1

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350, plus an additional cost of $55, for a total of $405. A federal statute, 28 U.S.C. § 1915, allows indigent litigants to file lawsuits without prepaying the filing fees. The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant qualifies to proceed IFP if she "cannot because of [her] poverty pay or give security for" the costs of filing "and still be able to provide [herself] and [her] dependents with the necessities of life." *Adkins*, 335 U.S. at 339. Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *see also Miller v. Smith*, No. 21-CV-2949 (JS) (AKT), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Engineers*, No. 21-CV-1901 (RPK) (LB), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). In addition, "[w]hen an applicant fails to explain how [she] supports [her]self, courts generally regard [her] application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664 (SRU), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

Plaintiff's financial declaration indicates that she has no assets or income but offers no explanation of how Plaintiff supports herself. Plaintiff writes "0" in the sections of the application form calling for her to provide the income from employment

or other sources and to list the amount of money Plaintiff has "in cash or in a checking or savings account." ECF No. 6 at 1–2. She writes "not applicable" in response to all other questions, including the one that asks her to list any "thing of value" that she owns, and the three sections asking her to list any of the following expenses: (1) "housing, transportation, utilities, or loan payments, or other regular monthly expenses"; (2) "persons who are dependent upon [her] for support"; and (3) "debts or financial obligations." *See* ECF No. 6 at 2.

Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP. The Court cannot conclude that Plaintiff is indigent within the meaning of 28 U.S.C. § 1915. *See, e.g.*, *Jones v. ACS/Queens Field Office*, No. 23-CV-5742 (EK) (LB), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (noting that, when an applicant fails to explain how she supports herself, "courts generally regard [her] application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status" (quotation omitted)); *Bey v. Raso*, No. 24-CV-3528 (PKC) (LGD), 2024 WL 3252569, at *1 (E.D.N.Y. July 1, 2024).

Plaintiff's application to proceed IFP is DENIED without prejudice to renew. If Plaintiff wishes to proceed with this action, Plaintiff must, by September 24, 2025, either (1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) submit a complete Long Form IFP application that demonstrates indigency through reasonably detailed and complete answers to the questions on that form. No further action will be taken until Plaintiff complies with this Order.

3

If Plaintiff fails to do so within the time allowed, this action shall be dismissed without prejudice.

If Plaintiff pays the filing fee or is granted leave to proceed IFP, the Court will review the case to determine whether the Court has federal subject matter jurisdiction over Plaintiff's claims and, if so, consider her motion for preliminary injunctive relief. ECF No. 4 ("Affidavit of Mandamus: Order to Show Cause").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with a Long Form IFP application form.

SO ORDERED.

                                                               */s/ Nina R. Morrison*
                                                               NINA R. MORRISON
                                                               United States District Judge

Dated:       September 10, 2025
                Brooklyn, New York