UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PARVIN BEY,

                Plaintiff,

       -against-

PHILLIP SCOTT SR.; JOHN S.
LANDEN, MAGISTRATE OF THE
QUEENS CIVIL COURT
MUNICIPALITY,

                Defendants.
-----------------------------------------------------------x

**ORDER**

25-CV-4970 (NRM) (JAM)

NINA R. MORRISON, United States District Judge:

Plaintiff Parvin Bey, proceeding *pro se*, filed this action on August 29, 2025, challenging her eviction from the rental property located at 153-11 123rd Avenue, Jamaica, New York ("Queens Rental Property") pursuant to a 2022 judgment entered in the Queens County Civil Court ("Queens Housing Court"). Plaintiff's request to proceed *in forma pauperis*, submitted on September 23, 2025, ECF No. 8, is granted pursuant to 28 U.S.C. § 1915. However, for the reasons explained below, the Complaint is dismissed.

**BACKGROUND**

Plaintiff provides minimal information about her claim in her Complaint. It is primarily composed of information related to her identification as a Moorish National Citizen. *See* ECF No. 1 at 1–9. To the extent it contains factual allegations related to her lawsuit, her Complaint concerns the eviction proceedings regarding the basement apartment at the Queens Rental Property filed by her

landlord, Phillip Scott, and heard in the Queens Housing Court. *Id.* at 7–8, 10. She attaches the Queens Housing Court judgment which indicates Phillip Scott's holdover petition, filed on February 13, 2020, was granted on December 06, 2022, and a warrant of eviction was issued removing Plaintiff, the undertenant, from the Queens Rental Property. *Id.* at 10–12. She seeks damages. *Id.* at 8.

## STANDARD OF REVIEW

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (citation modified), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (citation modified) (quoting *Twombly*, 550 U.S. at 557).

Under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* complaint action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002).

Moreover, the party bringing the action must demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). There are two primary types of federal subject-matter jurisdiction. Under the first type, federal question jurisdiction, the complaint must have a claim that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The other type is called diversity jurisdiction, and it allows federal courts to consider legal claims arising under state laws, but only if the money value of the lawsuit is greater than $75,000 and all the defendants live in a different state than the plaintiff. *See* 28 U.S.C. § 1332. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Chestnut v. Wells Fargo Bank, N.A.,* No. 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

## **DISCUSSION**

Plaintiff alleges both diversity jurisdiction and federal question jurisdiction, but the Complaint fails to establish either. The diversity statute, 28 U.S.C. § 1332, provides federal jurisdiction over state law causes of action involving conflicts between citizens of different states. In this case, complete diversity of citizenship does not exist between Plaintiff and all Defendants, as Plaintiff and all Defendants are located in New York. *See Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." (citation modified) (citations omitted)).[1]

As for federal question jurisdiction, Plaintiff cites multiple provisions of the United States Constitution, and to the "Treaty of Peace and Friendship" and the "Zodiac Constitution," ECF No. 1 at 1, 7–8, but does not assert any valid basis for federal question jurisdiction. "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290

---

[1] To the extent that Plaintiff may be attempting to premise diversity on her status as a "Free Moorish National," *see, e.g.,* ECF No. 1 at 4–6, this claim does not change her *domicile* for purposes of diversity jurisdiction. *See Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) (rejecting claim that status as "Moorish Nationals" renders a party diverse from others residing in the same state); *Bey v. Jones*, No. 19-CV-2577 (RRM), 2019 WL 2028703, at *3 (E.D.N.Y. May 8, 2019) ("If [plaintiff] is in fact a Moorish-American domiciled in New York, he is precluded from bringing a suit under the guise of diversity jurisdiction against defendants also domiciled in New York."); *Bey v. United States Legislature*, No. 17-CV-7569 (CM), 2017 WL 6611052, at *2 (S.D.N.Y. Oct. 25, 2017) ("[Plaintiff's] purported status as a . . . 'Moorish-American' does not create diversity jurisdiction where all parties are domiciled in the same state.").

F.3d 132, 137 (2d Cir. 2002) (citing *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978)); *see also Bey v. United States Legislature*, No. 17-CV-7569 (CM), 2017 WL 6611052, at *2 (S.D.N.Y. Oct. 25, 2017) ("Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction." (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996))). There is no subject matter jurisdiction if "the purported federal claim is clearly 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (citations omitted). Each of Plaintiff's purported federal claims falls into this category.

The facts alleged in the Complaint suggest only state law claims. The Court lacks federal question jurisdiction over Bey's state law claims in this landlord-tenant matter. "[I]t is well settled that the landlord-tenant relationship is fundamentally a matter of state law." *Kheyn v. City of New York*, Nos. 10-CV-3233–34 (SLT), 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (citing cases); *see also Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at *3 (E.D.N.Y May 30, 2014) (noting that federal courts lack jurisdiction over landlord-tenant claims); *McMillan v. Dep't of Bldgs.*, No. 12-CV-318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (noting that, as a general rule, "[w]rongful eviction claims, whether for a temporary or final eviction, are state law claims, and this [federal court] lacks subject matter jurisdiction over them."); *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (finding no subject-matter

jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction proceeding). Accordingly, Plaintiff cannot challenge eviction proceedings in federal court.

Even if the Court had subject matter jurisdiction, the claims against Queens Housing Court Judge John S. Lansden, who has immunity from this suit seeking money damages, would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages.").

## CONCLUSION

Accordingly, this case is dismissed without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). Generally, a court should not dismiss a *pro se* complaint "without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alteration in original) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). The Court has considered whether to grant Plaintiff leave to amend the Complaint but finds that amendment would be futile. *See Leonard J. Strandberg & Assocs. v. Misan Constr. Corp.*, No. 08-CV-2939 (SJF) (ETB), 2010 WL 1565485, at *5 (E.D.N.Y. Apr. 19, 2010) (denying leave to amend where complete diversity did not exist at filing, reasoning that an amendment cannot cure jurisdictional defects grounded in facts rather than pleadings); *Falise v. Am. Tobacco Co.*, 241 B.R. 63, 65 (E.D.N.Y. 1999), *appeal*

6

*dismissed*, 229 F.3d 1135 (2d Cir.2000) ("Courts can 'remedy inadequate jurisdictional allegations, but not defective jurisdictional facts [by authorizing amendments].'" (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989))).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

                                                   */s/ Nina R. Morrison*
                                                   NINA R. MORRISON
                                                   United States District Judge

Dated:   October 6, 2025
            Brooklyn, New York